[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:PLAINTIFF'S MOTION TO STRIKE
The instant action is one of claimed podiatric malpractice to which the defendant has interposed three special defenses. The First, alleging contributory negligence on the part of the plaintiff, is not at issue here. Plaintiff has moved to strike the Second and Third special defenses of the defendant which (a) assert defendant's right to the benefit of any collateral source payments that have been made by third parties to the plaintiff pursuant to CT Page 7425 § 52-225 (a)(b)(c) of the Connecticut General Statutes; and (b) claim that plaintiff's complaint is barred by § 52-584. The latter special defense reads as follows:
 The plaintiff's complaint is barred by § 52-584
of the Connecticut General Statutes because her alleged cause of action arose on or about April 30, 1991 and plaintiff moved, pursuant to Section 52-190a
for a statutory extension of time of the statute of limitations, yet the plaintiff, on May 12, 1992 and her attorney Katherine L. Nastri, were furnished copies of plaintiffs medical records on or about February 4, 1993 and therefore, plaintiff and her attorney had ample opportunity and time to conduct a reasonable inquiry to determine that there were grounds for a good faith belief to institute a malpractice action against the defendant.
The Superior Courts of this State have been divided with respect to the propriety of pleading the existence of collateral source payments and defendant's right to a credit for such sums received. See Hoffman v. Hada, 4 Conn. L. Rptr. 125 (1991), Krugv. Budney, 1 Conn. L. Rptr. 207 (1990), Moshen v. Peters, et al,4 Conn. L. Rptr. 239 (1991) allowing the pleading; and Zagaja v.Guerrera, 1 Conn. L. Rptr. 401 (1990), Derdiarian v. Clinton, 3 Conn. L. Rptr. No. 12, 381 (1991); Zujewski v. Allen, 2 Conn. L. Rptr. No. 2, 46 (1990) contra.
Section 52-225 (b) provides as follows:
 "Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons
concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment." (emphasis added)
It is apparent that 52-225 (b) makes it mandatory that the court make inquiry and receive evidence of any and all collateral payments received by a claimant prior to entering judgment on a finding of liability and the awarding of damages by a trier of fact. Thus, nothing is gained by the defendant specially pleading the existence of such payments except, perhaps, placing upon CT Page 7426 defendant a burden of proving their existence by a fair preponderance of the evidence. Nor would a charge by the court on such a special defense be appropriate since it would then require information to be provided to the trier prior to verdict which the legislature has seen fit to confine to the province of the courtafter liability and damages have been found by the trier.
That the legislature intended that only the court be privy to this information is made apparent by 52-225 (a):
 ". . .the court shall reduce the amount of such award which represents economic damages. . . . by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section. . . . "
Thus, the court has the affirmative duty to deduct the amount of collateral source payments received by claimant from the award of economic damages made by the trier. If the court must make this deduction, what possible use could the trier make of this evidence except to erroneously make such deduction itself thereby risking a double deduction. . It is difficult to conceive that a trier could make any legitimate use of such information since its only use has been preempted by the court.
Therefore, the plaintiff's motion to strike the Second Special Defense of the defendant is granted.
With respect to defendant's third special defense the record reveals that, prior to the commencement of suit, plaintiff's counsel, pursuant to Sec. 52-190 (b) petitioned the clerk where the action would be filed and thereby secured "an automatic ninety-day extension of the statute of limitations . . . . to allow the reasonable inquiry required by subsection (a) of this section".
The complaint reveals that plaintiff's cause of action accrued on April 30, 1991, the date on which plaintiff underwent surgery performed by the defendant. The sheriff's return indicates in hand service of the summons and complaint upon the defendant on June 14, 1993. Since the instant action is one against a podiatrist it is governed by Sec. 52-584 providing that such action must be brought within two years from the date when the injury is first sustained or discovered. Thus, absent an extension, the statutory period would have expired on April 29, 1993. With the extension the permissible period was extended to July 29, 1993. Therefore, the CT Page 7427 record reflects the instant suit was instituted well within the statutory period.
Defendant claims, however, that since plaintiff received copies of her medical records on or about February 4, 1993 she had ample time to conduct a reasonable inquiry prior to the statute's running on April 29, 1993. Without addressing the merits of defendant's contention, the court does not believe that the issue of what constitutes sufficient time to conduct a reasonable inquiry is open to the defendant. 52-190 (b) makes clear that the ninety-day extension is "automatic", that is, it does not require of plaintiff a showing with respect to the extent of the inquiry already undertaken, or a showing with respect to the complexity of the case. The petition when filed is automatically granted by the clerk and results in a ninety-day extension.
Furthermore, defendant's third special defense, in naming plaintiff's attorney and asserting that she "had ample opportunity and time to conduct a reasonable inquiry to determine that there were grounds for a good faith belief to institute a malpractice action against the defendant", is likely to create an untenable situation at trial where counsel would be required to testify in order to provide evidence on the issue of whether the additional time was necessary or unnecessary.
Therefore, the Motion to Strike the Third Special Defense is granted.
Skolnick, J.